IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NATIONAL ERA SERVICING,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM JAMES JR. and TAMARA ROBINSON,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:16-CV-1559-TWT-LTW |

**MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION**

The above-styled case is before the undersigned on pro se Defendant Tamara Robinson's ("Robinson") request to file this civil action in forma pauperis, without prepayment of fees and costs or security therefor (Doc. 1), pursuant to 28 U.S.C. § 1915(a)(1). The Affidavit of Poverty indicates that Defendant Robinson is unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Defendant Robinson's motion to proceed *in forma pauperis* is **GRANTED**. (Doc. 1). For the reasons outlined below, however, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Henry County.

**PROCEDURAL BACKGROUND FACTS**

In May 2016, pursuant to Georgia law, Plaintiff National ERA Servicing ("National ERA") filed a dispossessory proceeding against William James, Jr. ("James")

and Robinson in the Magistrate Court of Henry County.  (Doc. 1-2).  James and Robinson argue in their removal papers that this Court has federal question jurisdiction over the matter because National ERA's dispossessory action violates the Fourteenth Amendment of the United States Constitution, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and Rule 60 of the Federal Rules of Civil Procedure.  (Doc. 1-1).

## LEGAL ANALYSIS

Based on this Court's review of the pleadings, it is clear that the Court lacks subject matter jurisdiction over the instant lawsuit.  It is the Court's duty to inquire into its subject matter jurisdiction *sua sponte* whenever it may be lacking.  Hernandez v. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008).  Title twenty-eight, section 1441(a) of the United States Code provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  District courts have original jurisdiction of civil cases that present a federal question or that involve citizens of different states and exceed the $75,000.00 amount in controversy threshold.  See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332(a)(1) (diversity jurisdiction for citizens of different states).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists."  Kirkland v.

Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendants James and Robinson argue in their removal papers that federal jurisdiction over the matter is conferred because National ERA's actions violate the Fourteenth Amendment of the United States Constitution, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and Rule 60 of the Federal Rules of Civil Procedure. (Doc. 1-1). Contrary to the Defendant's argument, this Court notes that a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction. Instead, "the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted). Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored. Vaden v. Discover Bank, 556 U.S. 49, 59 (2009); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

In the present case, National ERA relied exclusively on state law when it filed a dispossessory proceeding in the Magistrate Court of Henry County. No federal question is presented on the face of National ERA's Complaint. There is also no evidence which

3

warrants the application of an exception to the well-pleaded complaint rule such as the doctrine of complete preemption. Caterpillar, 482 U.S. at 393. Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia is entirely in the state court system. O.C.G.A. § 44-7-50, et seq.

Additionally, James and Robinson have not included any facts in their Petition for Removal of Action to support the existence of diversity jurisdiction. A party removing a case to federal court based on diversity of citizenship bears the burden of establishing that the citizenship of the parties is diverse and that the $75,000 amount in controversy jurisdictional threshold is met. Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 618 (11th Cir. 1990); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Neither James and Robinson's Petition for Removal nor National ERA's Complaint includes any facts showing that the parties are diverse or that the $75,000 jurisdictional threshold is met. National ERA simply seeks possession of the premises. (Doc. 1-2). A claim seeking ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy. Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001), aff'd 35 F. App'x 858 (11th Cir. 2002). For these reasons, this Court finds that federal subject matter jurisdiction does not exist. Accordingly, the undersigned **RECOMMENDS** that this

action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Henry County.

## CONCLUSION

Based on the foregoing reasons, Defendant Robinson's motion to proceed *in forma pauperis* is **GRANTED**. (Doc. 1). Additionally, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Henry County. As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**IT IS SO ORDERED AND REPORTED AND RECOMMENDED**, this 7th day of June, 2016.

/s/ Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NATIONAL ERA SERVICING,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM JAMES JR. and TAMARA ROBINSON,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>1:16-CV-1559-TWT-LTW |

## **ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1C. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation **within fourteen (14) days of the receipt of this Order**. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted

AO 72A
(Rev.8/82)

as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied 464 U.S. 1050, 104 S. Ct. 729, 79 L.Ed.2d 189 (1984).  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015); 11th Cir. R. 3-1.  In the absence of a proper objection, however, the appeals court may review the matter on appeal for plain error if necessary in the interest of justice. Mitchell, 612 F. App'x at 545; 11th Cir. R. 3-1.

The Clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED**, this 7th day of June, 2016.

/s/ Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE